IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
KOFI O.A. KYEI, an individual,    )
                                  )
            Plaintiff,            )
                                  )   CV 01-1266-PA
     v.                           )
                                  )
DAVID BEEBE, an individual;       )   ORDER
W. SCOTT CIHLAR, an individual;   )
ELIZABETH GODFREY, an individual; )
SAMUEL BILLISON, an individual;   )
MICHAEL GREEN, an individual; TONY)
LAM, an individual; YAMHILL COUNTY,)
a municipal corporation; and the  )
UNITED STATES OF AMERICA,         )
                                  )
            Defendants.           )
```

**PANNER, J.**

Plaintiff Kofi O. A. Kyei brings this action against the United States, Yamhill County, and employees of the former Immigration and Naturalization Service[1] (INS), David V. Beebe, W. Scott Cihlar, Elizabeth Godfrey, Samuel Billison, Michael Greene,

---

[1] Congress abolished the INS in 2003 and transferred its functions to the Department of Homeland Security. I refer to the INS here because the relevant events occurred before 2003. See Minasyan v. Gonzales, 401 F.3d 1069, 1072 n.4 (9th Cir. 2005).

1 - ORDER

and Tony Lam.

I granted defendants' motions for summary judgment as to all of plaintiff's claims except his Bivens[2] claim that defendants did not return personal property seized from him. The Ninth Circuit affirmed. Kyei v. Beebe, No. 03-35601, 121 Fed. Appx. 689 (9th Cir. 2005) (not selected for publication).

Defendants now move to dismiss the Bivens claim for lack of subject matter jurisdiction. I deny the motion.

## BACKGROUND

Plaintiff was arrested pursuant to an INS warrant. After the arrest, the defendant INS agents seized plaintiff's briefcase, which plaintiff alleges contained cash, money orders, and legal documents. Plaintiff alleges that "[f]ollowing his release from custody his personal property was not returned." Compl. at ¶ 18. Plaintiff seeks damages of $41,700 for the alleged loss of his personal property. Defendants admit that they seized plaintiff's passport and work permits, but deny seizing cash, money orders, or any other documents.

## STANDARDS

A defendant who moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction may make a facial attack based on the pleadings, "assert[ing] that

---

[2]Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

2 - ORDER

the allegations in the complaint are insufficient to establish subject matter jurisdiction as a matter of law," or a factual attack, arguing "that the allegations on which jurisdiction depends are not true as a matter of fact." Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005). Because defendants here are making a facial attack, I will assume for purposes of this motion that the allegations in the complaint are true. Id. (citing Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004)).

## DISCUSSION

Defendants contend that plaintiff's allegations support a taking claim under the Fifth Amendment, and that the proper forum for the taking claim is the United States Court of Federal Claims. Under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over takings claims against the United States seeking more than $10,000 in damages. See 28 U.S.C. § 1491(a)(1); Marshall Leasing, Inc. v. United States, 893 F.2d 1096, 1099 (9th Cir. 1990); Belazi v. Meisenheimer, Civ. No. 03-1746-JO, 2004 WL 1535727, at *4 n.7 (D. Or. July 8, 2004).

Defendants argue that plaintiff has an adequate legal remedy for damages against the United States under the Tucker Act, and that plaintiff therefore may not bring Bivens claim against the individual defendants. Federal courts should not recognize a Bivens claim if Congress has already created an express means for obtaining relief. See Adams v. Johnson, 355 F.3d 1179, 1183-84

(9th Cir. 2004).

I disagree with defendants that plaintiff's complaint states a taking claim. There can be no taking claim based on the unauthorized acts of government officials. See Florida Rock Indus., Inc. v. United States, 791 F.2d 893, 898 (Fed. Cir. 1986); Southern Cal. Fin. Corp. v. United States, 634 F.2d 521, 523 (Ct. Cl. 1980) ("[B]efore a compensable taking can be found by the court, there must be some congressional authorization, express or implied, for the particular taking claimed."); Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802 (Fed. Cir. 1993) (a "'Tucker Act suit does not lie for an executive taking not authorized by Congress, expressly or by implication'") (quoting NBH Land Co. v. United States, 576 F.2d 317, 319 (Ct. Cl. 1978)). "The principle underlying this rule is that when a government official engages in *ultra vires* conduct, the official 'will not, in any legal or constitutional sense, represent the United States, and what he does or omits to do, without the authority of Congress, cannot create a claim against the government, "founded upon the Constitution."'" Del-Rio Drilling Programs, Inc. v. United States, 146 F.3d 1358, 1362 (Fed. Cir. 1998) (quoting Hooe v. United States, 218 U.S. 322, 335 (1910) (quoting Tucker Act)). "The constitutional prohibition against taking private property for public use without just compensation is directed against the government, and not against individual or public officers

proceeding without the authority of legislative enactment." Hooe, 218 U.S. at 335-36.

Here, while the INS agents had authority to make the initial seizure of plaintiff's briefcase after his arrest pursuant to a valid warrant, the parties have not cited any statute or regulation that would allow INS agents to dispose of the contents of plaintiff's briefcase without some sort of process. "Illegal government actions do not result in takings." Catellus Dev. Corp. v. United States, 31 Fed. Cl. 399, 408 n.9 (1994). Similarly, "[a] mistake may give rise to a due process claim, not a taking claim." Tabb Lakes, 10 F.3d at 803. Under the facts as alleged, plaintiff cannot show a taking. His only possible claim is a Bivens claim.

## CONCLUSION

Defendants' motion to dismiss (#91) is denied.

DATED this 16th day of August, 2005.

/s/
OWEN M. PANNER
U.S. DISTRICT COURT JUDGE