```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF OREGON

KOFI O.A. KYEI, an individual,     )
                                   )
          Plaintiff,               )
                                   )    CV 01-1266-PA
     v.                            )
                                   )
DAVID BEEBE, an individual;        )    ORDER
W. SCOTT CIHLAR, an individual;    )
ELIZABETH GODFREY, an individual;  )
SAMUEL BILLISON, an individual;    )
MICHAEL GREEN, an individual; TONY )
LAM, an individual; YAMHILL COUNTY,)
a municipal corporation; and the   )
UNITED STATES OF AMERICA,          )
                                   )
          Defendants.              )
```

**PANNER, J.**

Plaintiff Kofi O. A. Kyei brings this action against the United States, Yamhill County, and agents of the former Immigration and Naturalization Service (INS),[1] David V. Beebe, W. Scott Cihlar, Elizabeth Godfrey, Samuel Billison, Michael Greene,

---

[1] Congress abolished the INS in 2003 and transferred its functions to the Department of Homeland Security. I refer to the INS here because the relevant events occurred before 2003. See Minasyan v. Gonzales, 401 F.3d 1069, 1072 n.4 (9th Cir. 2005).

1 - ORDER

and Tony Lam.

On appeal, the Ninth Circuit affirmed this court's summary judgment rulings for defendants. Kyei v. Beebe, No. 03-35601, 121 Fed. Appx. 689 (9th Cir. 2005) (not selected for publication). Plaintiff has one remaining claim, his Bivens[2] claim based on allegations that defendants Lam, Godfrey, Greene, and Billison never returned personal property seized from his briefcase after he was arrested.

Defendants Lam and Billison move for summary judgment. I grant the motion.

## BACKGROUND[3]

Plaintiff is a citizen of Ghana. He applied for work at the Northern Oregon Corrections facility (NORCOR) in The Dalles. On August 12, 1999, Ray Ferns, a manager at NORCOR, asked the INS office in Portland about plaintiff's immigration status.

Because of NORCOR's request, defendant Elizabeth Godfrey, an INS detention officer, reviewed plaintiff's immigration file and concluded that plaintiff was subject to a final order of deportation. On August 12, 1999, the INS issued an arrest warrant for plaintiff.

Godfrey learned that plaintiff had scheduled a job interview

---

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[3] Statements in this Background are not findings of fact.

2 - ORDER

with NORCOR on August 25, 1999. Godfrey decided to arrest plaintiff when he arrived for his interview.

On August 25, 1999, defendants Billison, Greene, and Lam accompanied Godfrey to help with plaintiff's arrest. When plaintiff arrived at NORCOR for the interview, Godfrey approached him and told him that he was being detained based on the deportation order. Godfrey told plaintiff that he would be transported to the INS "detention holding process center" in Portland. Harden Decl., Ex. G., at 7 (Greene Depo. at 12).

Defendant Greene testified at his deposition that after Godfrey talked to plaintiff, Greene introduced himself to plaintiff and said he would need to place wrist and ankle restraints on plaintiff. Greene asked whether he could search plaintiff's person and plaintiff's briefcase.

Greene stated that he was looking for weapons or contraband only, and did not find any. According to Greene, plaintiff was surprised but cooperated with the search. Greene testified that he did not inventory the contents of plaintiff's briefcase, and that he normally would not do so for aliens who were to be detained because the jail would conduct an inventory.

Defendant Lam states that he checked the tightness of the restraints on plaintiff. Lam states that his "role in the arrest of plaintiff was limited to assisting Case Officer, Elizabeth Godfrey, if necessary, in executing the arrest. It was the job

of Defendant Greene to search plaintiff and secure property. I did not participate in the search of plaintiff or the search of plaintiff's briefcase." Harnden Decl., Ex. A, at 2 (Lam Decl. at 2). Lam also states, "At no time before, during, or after plaintiff's arrest did I handle, transfer, search, or even touch, plaintiff's briefcase or its contents. I do not have, nor ever had, any knowledge of the disposition of plaintiff's briefcase or its contents after plaintiff's arrest." Id.

Billison states that he helped Greene place the shackles on plaintiff. Billison, like Lam, states that he never handled plaintiff's briefcase or its contents, and that he has no knowledge of the disposition of the briefcase or its contents "before or after [plaintiff's] arrest." Harnden Decl., Ex. B, at 2 (Billison Decl. at 2).

Plaintiff was taken to a van for the drive to Portland. The briefcase was in the van. Once plaintiff arrived at the INS offices in Portland, his briefcase was turned over to a control officer there. (The unnamed control officer is not a defendant here.) A short time later, Green was told that "Dominic," a friend of plaintiff's, would be retrieving the briefcase. Greene confirmed this with plaintiff. When Dominic arrived, Greene verified his identity, and then gave him the briefcase.

Plaintiff alleges that after his release from custody his personal property was not returned. Plaintiff seeks damages of

$41,700 for the alleged loss of his personal property.

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The court should resolve reasonable doubts about the existence of an issue of material fact against the moving party. Id. at 631. The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. Id. at 630-31.

## DISCUSSION

Defendants Lam and Billison contend that they are entitled to qualified immunity. The qualified immunity analysis is the same whether a plaintiff brings claims against federal officials under Bivens or against state officials under 42 U.S.C. § 1983. Wilson v. Layne, 526 U.S. 603, 609 (1999). "When government officials assert the defense of qualified immunity . . . , a court evaluating the defense should first determine whether the

plaintiff has shown the deprivation of a constitutional right." <u>Sonoda v. Cabrera</u>, 255 F.3d 1035, 1040 (9th Cir. 2001) (citing <u>Wilson</u>, 526 U.S. at 609) (footnote omitted).  If the alleged facts, taken in the light most favorable to the plaintiff, would establish a constitutional violation, the court then must determine whether the right was clearly established at the time of the alleged violation.  <u>Id.</u>  If the right is clearly established, the official must show that a reasonable officer could have believed, in light of settled law, that he was not violating the clearly established right.  <u>Carlo v. City of Chino</u>, 105 F.3d 493, 500 (9th Cir. 1997).

    Here, defendants Lam and Billison argue that plaintiff has failed as a matter of law to show a material issue of disputed fact regarding their participation in the alleged unlawful seizure of his personal property.  I agree.  "When the complaint alleges acts constituting a plain violation of law which has a settled substantive content, the defendant is entitled to summary judgment if he makes a showing by affidavit or otherwise that he did not commit those acts and 'discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.'"  <u>Kraus v. Pierce County</u>, 793 F.2d 1105, 1108 (9th Cir. 1986) (quoting <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)).

    Here, despite the opportunity to conduct discovery,

including deposing defendants, plaintiff has not presented evidence contradicting the sworn declarations of Lam and Billison that they had nothing to do with the seizure of plaintiff's briefcase or its contents. Plaintiff's conclusory allegations, unsupported by facts, cannot defeat summary judgment. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir. 2001).

Plaintiff notes that there is a conflict between the testimony of Lam and Greene regarding the location of plaintiff's briefcase in the INS van transporting plaintiff to Portland. This minor inconsistency does not create a material issue of fact regarding Lam's lack of involvement in the search and seizure of the briefcase. Cf. Peng v. Mei Chin Penghu, 335 F.3d 979, 979 (9th Cir. 2003) ("inconsistencies in incidental facts . . . are to be expected where different people are called upon to remember startling facts," and do not establish fabrication of evidence), cert. denied, 540 U.S. 1218 (2004).

Plaintiff contends that defendants are rearguing an already decided issue. In the opinion initially denying summary judgment on this claim, I concluded that material issues of disputed fact precluded summary judgment. However, the declarations of Lam and Billison were not in the supporting documents for the previous summary judgment motion. A court may consider successive summary judgment motions on the same issue. See, e.g., Wallis v.

Spencer, 202 F.3d 1126, 1135-36 (9th Cir. 2000); Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir. 1995) ("[T]he denial of summary judgment has no *res judicata* effect, and the district court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reasons exist.").

## CONCLUSION

Defendants' motion for summary judgment (#115) is granted.

DATED this 20 of October, 2005.

                /s/ OWEN M. PANNER

                  OWEN M. PANNER
                U.S. DISTRICT COURT JUDGE