IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KOFI O.A. KYEI, an individual,    )
                                  )
              Plaintiff,          )
                                  )      CV 01-1266-PA
         v.                       )
                                  )
DAVID BEEBE, an individual;       )      **ORDER**
W. SCOTT CIHLAR, an individual;   )
ELIZABETH GODFREY, an individual; )
SAMUEL BILLISON, an individual;   )
MICHAEL GREEN, an individual; TONY )
LAM, an individual; YAMHILL COUNTY,)
a municipal corporation; and the  )
UNITED STATES OF AMERICA,         )
                                  )
              Defendants.         )


**PANNER, J.**

Plaintiff Kofi O. A. Kyei brings this action against

defendants Michael Greene and Elizabeth Godfrey, who were agents

of the Immigration and Naturalization Service (INS).[1]  Plaintiff

---

[1]Congress abolished the INS in 2003 and transferred its
functions to the Department of Homeland Security.  Here, the
relevant events occurred before 2003.  See Minasyan v. Gonzales,
401 F.3d 1069, 1072 n.4 (9th Cir. 2005).

1 - ORDER

brings a <u>Bivens</u>[2] claim alleging that defendants seized personal property from him and never returned it.

Defendants move for summary judgment.  I deny their motions.

## BACKGROUND

Plaintiff's complaint included the <u>Bivens</u> claim and a claim under the Federal Tort Claims Act (FTCA), based on the same alleged loss of property.  This court dismissed the FTCA claim for lack of subject matter jurisdiction under 28 U.S.C. § 2680(c), while denying summary judgment on the <u>Bivens</u> claim. Proceedings on the <u>Bivens</u> claim were stayed while plaintiff unsuccessfully appealed this court's grant of summary judgment on all of his other claims.  <u>See</u> <u>Kyei v. Beebe</u>, No. 03-35601, 121 Fed. Appx. 689 (9th Cir. 2005) (not selected for publication).

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

## DISCUSSION

Defendants contend that plaintiff's <u>Bivens</u> claim is barred by 28 U.S.C. § 2676 because this court previously dismissed the FTCA claim for lack of subject matter jurisdiction.  Section 2676 provides that "[t]he judgment in an action under [the FTCA] shall

---

[2]<u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim."

I disagree with defendants that § 2676 bars plaintiff's Bivens claim. A judgment on an FTCA claim does not bar a Bivens claim if the plaintiff brings the Bivens claim in the same action as the FTCA claim. See Kreines v. United States, 959 F.2d 834, 838 (9th Cir. 1992). In Kreines, the plaintiff brought claims under Bivens and under the FTCA in the same action. After a jury trial, the district court entered judgment for the plaintiff on the Bivens claim. About three months later, the district court entered judgment for the United States on the FTCA claim. On appeal, the United States argued that under § 2676, the judgment on the FTCA claim barred the Bivens claim. In rejecting the United States' argument, the Ninth Circuit noted, "Although the language of the statute refers to a bar of 'any action,' it fails to resolve the question of whether the bar applies to other claims raised in the same action." Id. The Ninth Circuit resolved the question by ruling that § 2676 did not apply when the Bivens claim and the FTCA claim were brought in the same action. Id. The same reasoning applies here.

Defendants argue that Kreines is distinguishable because there, the court entered judgment for the plaintiff on the Bivens claim before entering judgment for the United States on the FTCA

claim. Defendants contend that here, because the FTCA claim was dismissed before a final determination on the Bivens claim, plaintiff "is in the same position as he would have been had he filed an FTCA claim, lost it, and then filed a new suit asserting a Bivens claim based on the same conduct." However, the holding in Kreines did not depend on the order in which the trial court entered the judgments, but on the claims being brought in the same proceeding.

Defendants cite Gasho v. United States, 39 F.3d 1420, 1437-38 (9th Cir. 1994). In Gasho, the plaintiffs brought a Bivens claim after losing an FTCA claim in a previous action based on the same facts. The Ninth Circuit held that § 2676 barred the subsequent Bivens claim, and limited the holding of Kreines to cases in which the FTCA and Bivens claims are brought in the same action. However, in Gasho, the court stated that under its interpretation of § 2676, "[p]laintiffs contemplating both a Bivens claim and an FTCA claim will be encouraged to pursue their claims concurrently in the same action, instead of in separate actions." 39 F.3d at 1438; but see Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 858-59 (10th Cir. 2005) (judgment on FTCA claim barred Bivens claim brought in same action). Under defendants' argument, § 2676 would bar a Bivens claim even when a plaintiff followed the court's advice in Gasho and filed an FTCA claim in the same action as the Bivens claim.

Here, plaintiff brought his <u>Bivens</u> and FTCA claims in the same action. Despite the previous dismissal[3] of the FTCA claim, § 2676 does not bar plaintiff's <u>Bivens</u> claim.

## CONCLUSION

Defendants' motions for summary judgment (#127, #140) are denied.

DATED this _13_ day of November, 2005.

_____
OWEN M. PANNER
U.S. DISTRICT COURT JUDGE

---

[3] <u>Cf.</u> <u>Hallock v. Bonner</u>, 387 F.3d 147, 154-55 (2d Cir. 2004) (§ 2676 did not bar <u>Bivens</u> claim when FTCA claim in prior action was dismissed, as here, for lack of jurisdiction under 28 U.S.C. § 2680), <u>cert. granted</u>, 125 S. Ct. 2547 (2005).